# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| SHERMAN COMBS, | ) |
| Plaintiff, | ) |
| v. | ) No. 4:14CV320 HEA |
| DANE ROPER, et al., | ) |
| Defendants. | ) |

## OPINION, MEMORANDUM AND ORDER

This matter is before the Court upon the motion of plaintiff (registration #82223), an inmate at St.Francois County Jail, for leave to commence this action without payment of the required filing fee. For the reasons stated below, the Court finds that plaintiff does not have sufficient funds to pay the entire filing fee and will assess an initial partial filing fee of $1.00.[1] See 28 U.S.C. § 1915(b)(1). Furthermore, based upon a review of the complaint, the Court finds that the complaint should be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B).

## 28 U.S.C. § 1915(b)(1)

Pursuant to 28 U.S.C. § 1915(b)(1), a prisoner bringing a civil action in forma pauperis is required to pay the full amount of the filing fee. If the prisoner has insufficient funds in his or her prison account to pay the entire fee, the Court must assess and, when funds exist, collect an initial partial filing fee of 20 percent of the greater of (1) the average monthly deposits in the prisoner's account, or (2) the average monthly balance in the prisoner's account for the prior six-month period. After payment of the initial partial filing fee, the prisoner is required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's

---

[1] Plaintiff states that he has been unable to attain a copy of his prisoner account statement. As such, the Court will assess him a nominal fee of $1.00 in accordance with Henderson v. Norris, 129 F.3d 481, 484 (8th Cir. 1997) (when a prisoner is unable to provide the Court with a certified copy of his prison account statement, the Court should assess an amount Athat is reasonable, based on whatever information the court has about the prisoner=s finances.@).

account. 28 U.S.C. § 1915(b)(2). The agency having custody of the prisoner will forward these monthly payments to the Clerk of Court each time the amount in the prisoner's account exceeds $10, until the filing fee is fully paid. Id.

Because plaintiff states that he has been unable to attain a copy of his prisoner account statement, the Court will assess him a nominal initial partial filing fee of $1.00.

## 28 U.S.C. § 1915(e)

Pursuant to 28 U.S.C. ' 1915(e)(2)(B), the Court must dismiss a complaint filed in forma pauperis if the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief. An action is frivolous if it Alacks an arguable basis in either law or fact.@ Neitzke v. Williams, 490 U.S. 319, 328 (1989); Denton v. Hernandez, 504 U.S. 25, 31 (1992). An action is malicious if it is undertaken for the purpose of harassing the named defendants and not for the purpose of vindicating a cognizable right. Spencer v. Rhodes, 656 F. Supp. 458, 461-63 (E.D.N.C. 1987), aff=d 826 F.2d 1059 (4th Cir. 1987).

To determine whether an action fails to state a claim upon which relief can be granted, the Court must engage in a two-step inquiry. First, the Court must identify the allegations in the complaint that are not entitled to the assumption of truth. Ashcroft v. Iqbal, 129 S. Ct. 1937, 1950-51 (2009). These include "legal conclusions" and "[t]hreadbare recitals of the elements of a cause of action [that are] supported by mere conclusory statements." Id. at 1949. Second, the Court must determine whether the complaint states a plausible claim for relief. Id. at 1950-51. This is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Id. at 1950. The plaintiff is required to plead facts that show more than the "mere possibility of misconduct." Id. The Court must review the factual allegations in the complaint "to determine if they plausibly suggest an entitlement to relief." Id.

at 1951. When faced with alternative explanations for the alleged misconduct, the Court may exercise its judgment in determining whether plaintiff's conclusion is the most plausible or whether it is more likely that no misconduct occurred. Id. at 1950, 51-52.

## The Complaint

Plaintiff, an inmate at St. Francois County Jail, brings this action pursuant to 42 U.S.C. § 1983 alleging violations of his civil rights. Named as defendants are Dane Roper and Mary Fox, plaintiff's appointed public defenders in a state court criminal matter, as well as "the Missouri State Public Defender's System" as a whole.

Plaintiff states that his due process rights, his right to effective assistance of counsel and his right to equal protection under the laws of the United States have been violated during his ongoing state criminal action in St. Francois County, Missouri. Plaintiff believes that his trial counsel has been ineffective in advocating on his behalf and he states that he has reported his ineffectiveness to his supervisors in the Missouri Public Defender's Office, to no avail.

Plaintiff claims that defendant Roper failed to gather evidence relating to the confidential informant in his criminal trial, and he asserts that defendant Roper has failed to argue effectively regarding the C.I.'s suppression from trial. See State v. Combs. , Case No. 13SF-CR0443.[21] Plaintiff seeks monetary damages in an amount of $40 million dollars and he seeks appointment of new trial counsel in his ongoing criminal case.

## Discussion

The complaint fails to state a claim upon which relief can be granted against defendants Roper, Fox and the Missouri Public Defender's System because Αa public defender does not act under color of state law when performing a lawyer's traditional functions as counsel to a

---

[2]According to Missouri Case.net, petitioner has been charged with five counts of distributing/developing/manufacturing/producing or attempting to or possession with intent to dis./del./manf./prod. a controlled substance.

- 3 -

defendant in a criminal proceeding.@ Polk County v. Dodson, 454 U.S. 312, 325 (1981). Therefore, none of the defendants can be held liable under 42 U.S.C. § 1983. As a result, this action shall be dismissed without prejudice.

Moreover, this Court notes that it does not make it a practice to interfere with an ongoing state criminal proceeding. In Younger v. Harris, 401 U.S. 37, 46 (1971), the Supreme Court directed federal courts to abstain from hearing cases where Athe action complained of constitutes the basis of an ongoing state criminal proceeding, the proceedings implicate important state interests, and an adequate opportunity exists in the state proceedings to raise constitutional challenges.@ Harmon v. City of Kansas City, Missouri, 197 F.3d 321, 325 (8th Cir. 1999); see also, Fuller v. Ulland, 76 F.3d 957, 959 (8th Cir. 1996). If plaintiff believes that his appointed counsel in his ongoing state criminal proceeding is violating his constitutional rights, he should immediately bring the matter to the attention of his state court judge currently presiding over the case in St. Francois County.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to proceed in forma pauperis [Doc. #2] is **GRANTED**.

**IT IS FURTHER ORDERED** that plaintiff's motion to proceed without a certified copy of his inmate account statement [Doc. #6] is **GRANTED**.

**IT IS FURTHER ORDERED** that the plaintiff shall pay an initial filing fee of $1.00 within thirty (30) days of the date of this Order. Plaintiff is instructed to make his remittance payable to "Clerk, United States District Court," and to include upon it: (1) his name; (2) his prison registration number; (3) the case number; and (4) that the remittance is for an original proceeding.

**IT IS FURTHER ORDERED** that the Clerk shall not issue process or cause process to issue upon the complaint because the complaint is legally frivolous or fails to state a claim upon which relief can be granted, or both.

An Order of Dismissal will accompany this Memorandum and Order.

Dated this 27th day of March, 2014.

                                            HENRY EDWARD AUTREY
                                       UNITED STATES DISTRICT JUDGE